# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LARRY E. EALY,

        Petitioner,   :   Case No. 3:18-cv-63

 - vs -                       District Judge Thomas M. Rose
                              Magistrate Judge Michael R. Merz

BRIAN COOK, Warden,
  Southeastern Correctional Complex,
  et al.,

                                      :

        Respondents.

# REPORT AND RECOMMENDATIONS

Petitioner Larry E. Ealy brought this action for writ of habeas corpus pro se under 28 U.S.C. § 2254. Named as Respondents are Brian Cook, Warden of the Southeastern Correctional Complex; Thomas Marcelain, a Judge of the Licking County Court of Common Pleas; and Ohio Attorney General Mike Dewine.

The case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Ealy seeks relief from his conviction on May 4, 2016, in the Licking County Common Pleas Court on one count of receiving stolen property in that court's Case Number 2016 CR 00035 (Petition, ECF No. 1, PageID 1).

The Petition should be dismissed for the reasons set forth below.

1

**Custody**

Federal courts have jurisdiction in habeas corpus only on behalf of persons in custody. When a sentence expires before a habeas petition is filed, the petitioner is not sufficiently in custody to invoke the federal habeas jurisdiction. *Maleng v. Cook*, 490 U.S. 488 (1989). Ealy pleads that he was sentenced to ten months' imprisonment on May 4, 2016. *Id.* He further pleads that he was released while his appeal was pending. *Id.* at PageID 5. A search of the Ohio Department of Rehabilitation and Corrections inmate listing does not show Ealy at all. This Court therefore lacks jurisdiction to adjudicate the merits of Ealy's Petition.

**Statute of Limitations**

28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme

> Court and made retroactively applicable to cases on
> collateral review; or
>
> (D) the date on which the factual predicate of the claim
> or claims presented could have been discovered
> through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State
> post-conviction or other collateral review with respect to the
> pertinent judgment or claim is pending shall not be counted toward
> any period of limitation under this subsection.

Ealy appealed his conviction to the Ohio Fifth District Court of Appeals which affirmed the conviction. *State v. Ealy*, 2016-Ohio-7927, 2016 Ohio App. LEXIS 4812 (5th Dist. Nov. 21, 2016). Ealy pleads that he did not seek further appellate review in the Ohio Supreme Court (Petition, ECF No. 1, PageID 2, ¶ 9(g)). Ohio law allows an appellant forty-five days from the date of judgment in the court of appeals to seek review in the Supreme Court. In this case that time expired January 5, 2017, the one year statute began to run on that date, and expired one year later on January 6, 2018. Ealy did not file his Petition until March 7, 2018, and it is therefore barred by the statute of limitations.

**Procedural Default**

Before a habeas petitioner may present a constitutional claim in habeas corpus, he or she must first have fairly presented that claim to the state courts. Ealy pleads three grounds for relief: (1) judicial misconduct in changing the nature of a hearing set for May 2, 2016; (2) judicial misconduct in ruling on a state habeas corpus suit filed in the Licking County Common Pleas Court and naming Judge Marcelain as a respondent; and (3) ineffective assistance of trial

counsel for not filing a motion in arrest of judgment (Petition, ECF No. 1, PageID 5, 7, 8). Ealy reports that he did not appeal from the ruling in the habeas case. *Id.* at PageID 7. Neither Ground One nor Ground Three appears as an assignment of error in the case on direct appeal to the Fifth District.

Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), requires that issues which can be raised on the record on direct appeal must be raised in that way or be barred from later consideration. If Ealy were to attempt to present these claims to the Ohio courts now, they would be held to be barred by *res judicata*. The Sixth Circuit has repeatedly held that the rule in *Perry* is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

**Conclusion**

For the foregoing reasons, the Magistrate Judge respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to

4

proceed *in forma pauperis*.

March 8, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).